**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| MARI FRAIRE, | § |
| Plaintiff, | § § § |
| vs. | §  Civil Case No.: 1:14-cv-131 |
| SILVERMAN & BORENSTEIN, PLLC, | § § § |
| Defendant. | § § |

## VERIFIED COMPLAINT

MARI FRAIRE, Plaintiff, through her attorneys, KROHN & MOSS, LTD., alleges the following against SILVERMAN & BORENSTEIN, PLLC, Defendant:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of New Mexico thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Albuquerque, New Mexico.

6. Plaintiff is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is business entity with an office located at 13111 E. Briarwood Ave., Suite 340, Centennial, Colorado 80112.

8. Pursuant to the definitions outlined in 15 U.S.C. 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Prior to the filing of this Complaint, an account was placed with Defendant by a third party to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

12. Defendant placed telephone calls to Plaintiff ("collection calls") in connection with its attempts to collect payment for the alleged debt.

13. Upon information and belief, the alleged debt arises from transactions which were for personal, household, and/or family purposes.

14. Defendant places collection calls to Plaintiff at (505) 440-05xx.

15. When telephone calls to Plaintiff are not answered, callers are provided with an opportunity to record a voicemail message for Plaintiff.

16. In or around August of 2013, Defendant placed a collection call to Plaintiff and recorded a voicemail message.

17. In the voicemail message, Defendant's employee, an individual identifying himself as "Lawrence," stated that he was calling from "the law firm of Silverman & Borenstein" and instructed Plaintiff to return the call to 313-468-5716 or to 1-888-758-7626 extension 716.  *See* transcribed voicemail message, attached hereto as Exhibit A.

18. Defendant, through its employee, failed to inform Plaintiff that either "the law firm of Silverman & Borenstein" or its employees were debt collectors.  *See* Exhibit A.

19. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

20. Defendant withheld that it was calling about a debt in order to deceive and mislead Plaintiff into returning its calls so that it could aggressively attempt to collect monies from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

    b. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, MARI FRAIRE, respectfully requests judgment be entered against Defendant, SILVERMAN & BORENSTEIN, PLLC, for the following:

22. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

24. Any other relief that this Honorable Court deems appropriate.

DATED:  February 12, 2014            RESPECTFULLY SUBMITTED

                                     By:  /s/ Charles N. Lakins, Esq._____
                                          Charles N. Lakins, Esq.
                                          Attorney for Plaintiff